UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADELE E., )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>ANTHEM BLUE CROSS )<br>AND BLUE SHIELD, )<br>)<br>    *Defendant* ) | No. 2:15-cv-01-DBH |

**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S
MOTION TO MODIFY RECORD AND FOR DISCOVERY**

The plaintiff, Adele E., seeks to modify the record and conduct discovery in this action, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to obtain medical benefits from a group health plan insured and administered by the defendant, Anthem Blue Cross and Blue Shield ("Anthem"). *See* Plaintiff's Motion To Modify the Administrative Record and for Discovery ("Motion") (ECF No. 18) at 1. For the reasons that follow, I grant the Motion in part with modifications, and deny it in part.[1]

**I. Factual Background**

The plaintiff alleges the following, in relevant part.

---

[1] The plaintiff expends considerable energy arguing that this case should be decided on a *de novo*, rather than deferential, standard of review. *See* Motion at 2-5; Plaintiff's Reply in Support of Motion To Modify the Administrative Record and for Discovery ("Reply") (ECF No. 24) at 1-5. I do not reach that issue. As the defendant observes, *see* Anthem Blue Cross and Blue Shield's Opposition to Plaintiff's Motion To Modify the Administrative Record and for Discovery ("Opposition") (ECF No. 23) at 2, the standard of review has no bearing on whether I should permit the requested discovery or supplementation of the record, *see, e.g., Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 520 (1st Cir. 2005) (a claimant needs "at least some very good reason . . . to overcome the strong presumption that the record on review is limited to the record before the administrator" or to justify discovery, "regardless of whether the standard of review is de novo or deferential") (citation and internal quotation marks omitted).

The plaintiff was at all relevant times a covered beneficiary under the Elmina B. Sewall Foundation employee health benefit plan ("Plan").  Complaint (ECF No. 1) ¶ 4.  Benefits under the Plan are insured and administered by Anthem.  *Id*. ¶ 5.

The plaintiff, who resides in Freeport, Maine, is a 23-year-old woman with a history of severe mental illnesses, including bulimia nervosa and obsessive compulsive disorder.  *Id.* ¶¶ 3, 6.  On or about May 29, 2012, she was admitted to RainRock Treatment Center ("RainRock"), a residential treatment center in Eugene, Oregon, for treatment of her severe mental illnesses.  *Id*. ¶ 7.  The defendant denied benefits for treatment at RainRock effective June 18, 2012, on the ground that the plaintiff's treatment was no longer "medically necessary."  *Id*. ¶ 8.  The plaintiff remained at RainRock until October 29, 2012.  *Id*. ¶ 9.

On February 15, 2013, the plaintiff appealed the defendant's decision to terminate her benefits.  *Id*. ¶ 10.  The defendant denied the appeal on or about March 14, 2013.  *Id*. ¶ 11.  The plaintiff submitted a second-level voluntary appeal on or about August 8, 2013.  *Id*. ¶ 12.  The defendant denied that appeal on or about November 26, 2013.  *Id*. ¶ 13.  The plaintiff incurred the cost of her treatment at RainRock from June 18, 2012, through October 29, 2012.  *Id*. ¶ 14.  The plaintiff filed this action on January 2, 2015, challenging the defendant's allegedly wrongful termination of benefits for treatment at RainRock.  *Id*. ¶¶ 15-24.

## II. Request To Modify Record

The plaintiff seeks to modify the record to add (i) benefit plan and related documents, (ii) documents regarding the denial of her second-level appeal, and (iii) information regarding medical reviewers.  *See* Motion at 5-9.  The first and third categories are also the subject of her proposed requested discovery.  *See* Plaintiff's Requested Discovery ("Requested Discovery") (ECF No. 18-1), attached to *id*.  For the reasons discussed below, I grant, with modifications, the

plaintiff's request to supplement the record as to the benefit plan and related documents, grant, without objection, her request to supplement the record with materials pertaining to her second-level appeal, and grant her request to supplement the record with medical reviewer information only insofar as it implicates documents responsive to a proposed request for production of medical reviewers' *curriculum vitae*, and otherwise deny it.

### A.  Benefit Plan and Related Documents

The plaintiff first seeks to modify the record to add "any Plan documents, summary plan descriptions, certificates of coverage, insurance policies, booklets, pamphlets or other documents which (a) summarize or describe the benefits to be paid pursuant to the Plan, (b) are potentially applicable to Plaintiff's claim for benefits, and (c) are not already contained in the record as produced by Defendant[.]"  Motion at 6.  She explains that she believes that the certificate of coverage that is already of record accurately explains the benefits and obligations under the applicable Plan but that a certificate of coverage is not a plan document or summary plan description ("SPD"), as those documents are defined by ERISA.  *See id*.  She states that the purpose of her request is to avoid surprise by ensuring that all relevant Plan documents are produced at the outset of this action.  *See id*.

The defendant argues that the Motion should be denied *in toto*, *see* Opposition at 1-2, but agrees, in the context of discussing related proposed discovery requests, to produce an SPD if the summary of benefits contained in the certificate of coverage does not constitute an SPD, as well as behavioral health and clinical guidelines in effect at the time the claims arose regarding the "medical necessity criteria" relating to the treatment of psychiatric and substance-related disorders (including eating disorders), *see id.* at 1-2, 5-7.

As this court has noted, "claimants have a right to discover the contents of the administrative record if they are unsure whether all relevant information has been included[.]" *Grady v. Hartford Life & Accident Ins. Co.*, Civil No. 08-339-P-H, 2009 WL 700875, at *6 (D. Me. Mar. 12, 2009). "[A] claimant is entitled, 'upon request and free of charge, [to] reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits[.]'" *Id.* (quoting 29 C.F.R. § 2560.503-1(h)(2)(iii)). *See also, e.g., Ganem v. Liberty Life Assurance Co. of Boston*, No. 1:12-CV-00128-GZS, 2012 WL 5464604, at *4 (D. Me. Nov. 9, 2012) ("Clearly, [a claimant] has a right to access and utilize in her merits presentation any written rule, guideline, protocol, policy, procedure or like written materials that bear on her claim for disability benefits.") (citing 29 C.F.R. § 2560.503-1(g)(1)(v)(A)).

Information is defined as "'relevant' to a claimant's claim if:

such document, record, or other information (i) [w]as relied upon in making the benefit determination; (ii) [w]as submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (iii) [d]emonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination;[2] or (iv) [i]n the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).

The plaintiff's request to ensure that the record is complete is reasonable and will benefit the court as well as the parties. The request is therefore granted; however, I substitute the definition of "relevant" documents contained in the above regulation for the vague and

---

[2] Paragraph (b)(5) directs employee benefit plans to establish and maintain claims procedures that "contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants." 29 C.F.R. § 2560.503-1(b)(5).

4

seemingly overbroad phrase "potentially applicable to Plaintiff's claim for benefits[.]"  Motion at 6.

The defendant is directed to supplement the record, by a date to be set during a scheduling teleconference with the court, with any Plan documents, summary plan descriptions, certificates of coverage, insurance policies, booklets, pamphlets, or other documents that (a) summarize or describe the benefits to be paid pursuant to the Plan, (b) are "relevant" as defined in 29 C.F.R. § 2560.503-1(m)(8), and (c) are not otherwise contained in the record already produced by the defendant.

### B.  Documents Related to Denial of Second-Level Appeal

The defendant concedes that, as a result of an oversight, the record contains no documents pertaining to the plaintiff's second-level appeal.  *See* Opposition at 5 n.3.  It notes that, upon learning of the oversight through the Motion, it promptly provided the plaintiff with the missing materials for redaction, but has not yet filed them with the court.  *See id.*  The defendant is directed to supplement the record with those materials by a date to be set during a scheduling teleconference with the court.

### C.  Information Regarding Medical Reviewers

The plaintiff finally seeks to supplement the record with information pertaining to medical reviewers, which she seeks to obtain through discovery.  *See* Motion at 7-9.  Because, for the reasons discussed below, I grant only one discovery request bearing on medical reviewers – her request for production of their *curriculum vitae* – I grant her request to supplement the record with medical reviewer information only as it pertains to documents produced in response to that request, and otherwise deny it.  The defendant is directed to supplement the record with those materials by a date to be set during a scheduling teleconference with the court.

### III.  Requested Discovery

The plaintiff seeks to serve 11 interrogatories and nine requests for production of documents bearing generally on (i) the documents used to decide her claim and (ii) information on the physicians who reviewed it.  *See* [Proposed] Interrogatories ("Interrog."), commencing on page 1 of Requested Discovery; [Proposed] Requests for Production ("RPD"), commencing on page 3 of Requested Discovery.  The defendant argues generally that the Motion should be denied and objects to some of the plaintiff's proposed discovery requests, but agrees to produce some materials voluntarily.  *See* Opposition at 1-2, 5-8.  For the reasons set forth below, I grant her request to serve discovery in part, with modifications, and deny it in part.

### A.  Applicable Legal Standard

"[W]hen it comes to discovery in a case involving review of an ERISA benefits determination, the law in this circuit is set by *Liston* [*v. Unum Corp. Officer Severance Plan*, 330 F.3d 19 (1st Cir. 2003)], pursuant to which [the party seeking discovery] must offer at least some very good reason to overcome the strong presumption that the record on review is limited to the record before the administrator."  *Grady*, 2009 WL 700875, at *1 (citations and internal punctuation omitted).

This is true even when, as here, defendants seek discovery regarding asserted bias on the part of an insurer operating under a so-called "structural conflict of interest."  *See, e.g., Ramsdell v. Huhtamaki, Inc.*, No. 1:11-cv-00398-GZS, 2012 WL 1440613, at *4-*5 (D. Me. Apr. 23, 2012) (applying *Liston* standard to motion to conduct discovery related to insurer's "conflicts" and designed to provide evidence of its bias and procedural irregularities in processing plaintiff's

claim).³  The "mere existence of a structural conflict of interest" does not justify discovery.  *Id*. at *5.  Rather, a party seeking discovery must make "a threshold showing that the denial of benefits was improperly influenced by the administrator's conflict of interest[,]" articulating "case-specific circumstances demonstrating a possibility of bias in the denial of the claim."  *Id*. (citations and internal punctuation omitted).

"Because full-blown discovery would reconfigure th[e] record and distort judicial review, courts have permitted only modest, specifically targeted discovery in such cases."  *Denmark*, 566 F.3d at 10.  Even in the area of structural conflict, discovery "must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed."  *Id.*  Discovery should be permitted only where there are gaps or ambiguities in the record or to ensure that documented procedures were followed.  *See id*.

B.  Discussion

1. Discovery on Documents Used To Decide Claim

The plaintiff proposes to serve requests for production of (i) all documents constituting the files maintained by the defendant and/or the Plan pertaining to her claims from the date the defendant was first put on notice of those claims through the present, RPD No. 1, (ii) documents comprising SPDs, certificates of coverage, insurance policies, booklets, pamphlets, or other documents that summarize or describe the benefits to be paid pursuant to the Plan from January 1, 2012, to the present, and any modifications or amendments of those documents, RPD Nos. 2-3, (iii) all written policies and procedures upon which the defendant and/or the Plan relied in administering the plaintiff's claims and/or appeals, RPD No. 4, (iv) all documents, including

---

³ A structural conflict of interest exists when the same entity that makes claims decisions pays benefits.  *See, e.g., Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 7 (1st Cir. 2009).  The defendant does not dispute that it makes claims decisions and pays benefits.

medical journal articles, medical studies, news articles, internet resources, or any medical research, reviewed by the defendant and/or the Plan in the course of considering the plaintiff's claims or appeals, RPD No. 5, and (v) all documents reflecting or referring to communications between the defendant and/or the Plan, on the one hand, and any third party, on the other, regarding the plaintiff's claims, including any medical professional who conducted a medical review regarding her claims and/or appeals, RPD No. 6.

The plaintiff proposes to serve interrogatories asking the defendant to identify, (i) by document title and/or description and the date the policy or procedure took effect, all Plan documents, SPDs, insurance policies, certificates of coverage, administrative services agreements, guidelines, or any other written policies and procedures upon which the defendant and/or the Plan relied in administering the plaintiff's benefit claims and/or appeals, Interrog. No. 1, and, (ii) by title, author, and date each medical article, medical journal, news article, internet resource, or any other medical reference reviewed by the defendant and/or the Plan in considering the plaintiff's claims and/or appeals, Interrog. No. 2.

The defendant rejoins that (i) it has produced documents responsive to RPD Nos. 1-3 and will produce an SPD if the summary of benefits included in the 94-page certificate of coverage does not qualify as an SPD, (ii) with respect to RPD Nos. 2-3, the plaintiff fails to explain why she needs more, including documents that were not in effect during the relevant time period, (iii) with respect to RPD No. 4, it has produced/will produce the behavioral health guidelines in effect at the time the claims arose regarding the "medical necessity criteria" relating to the treatment of psychiatric and substance-related disorders, including eating disorders, and the plaintiff has provided no reason to obtain any additional information, (iv) if the documents sought by RPD No. 5 exist, they have already been produced and identified in the record and in

8

the medical necessity criteria, (v) if the documents sought by RPD No. 6 exist, they have already been produced in the record, and, (vi) with respect to Interrog. Nos. 1 and 2, there is no reason the plaintiff needs an answer to a multi-part interrogatory reiterating information that can easily be determined from documents in the record and those the defendant has agreed to produce. *See* Opposition at 5-7.

Bearing in mind that a claimant is entitled to "reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits[,]" 29 C.F.R. § 2560.503-1(h)(2)(iii), but that "ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator[,]" *Denmark*, 566 F.3d at 10, and "discovery is constrained[,]" *Grosso v. Aetna Life Ins. Co.*, No. 1:12-cv-00327-GZS, 2013 WL 949494, at *1 (D. Me. Mar. 11, 2013), I grant the plaintiff's request to propound RPD Nos. 1 through 6, with the modifications that (i) RPD Nos. 1 through 3 shall pertain only to the time period from the starting dates set forth therein through November 26, 2013, the date that the defendant denied her second-level appeal, and (ii) responsive documents must be produced only to the extent that they are not already of record or have not already been produced to the plaintiff.  The plaintiff supplies no reason why she needs documents dating from November 27, 2013, through the present.

I deny the plaintiff's request to propound Interrog. Nos. 1 and 2, agreeing with the defendant that the burden of obliging the plaintiff to catalogue documents that have been produced or that I have ordered produced outweighs any benefit and exceeds the bounds of appropriate discovery in an ERISA case.

The defendant is directed to supplement the record, by a date to be set during a scheduling teleconference with the court, with documents produced in response to the permitted

discovery to the extent not duplicative of those already ordered to be made of record pursuant to section II(A), above.

### 2. Discovery on Medical Reviewers

The plaintiff seeks to serve the following additional requests for production as to any physician who conducted a medical review regarding her claims and/or appeals: (i) a copy of their *curriculum vitae*, including a list of all publications, RPD No. 7, (ii) documents reflecting any and all amounts paid to them by the defendant and/or the Plan, RPD No. 8, and (iii) documents regarding any practice and/or policy of the defendant and/or the Plan to ensure that medical professionals who reviewed the plaintiff's claims had obtained appropriate training and experience in the field of medicine involved in her claims, RPD No. 9.

She seeks to serve interrogatories asking the defendant to (i) identify medical reviewers who reviewed her claims and/or appeals by name, address, job title, employer, and telephone number, Interrog. No. 3, (ii) state the amount(s) paid by the defendant and/or the Plan for each of those reviews, Interrog. No. 4, (iii) list by date, author, and title and/or description each document regarding her claims that was provided to and/or reviewed by medical reviewers, Interrog. Nos. 5-6, (iv) for each year from 2008 through 2012, state the number of times each medical reviewer who reviewed the plaintiff's claims and/or appeals has conducted a medical review for the defendant, how much the defendant paid to each such reviewer, and the number of medical reviews in which each such reviewer concluded that the requested treatment was not medically necessary, Interrog. Nos. 7-9, and (v) state whether the defendant contends that the judicial standard of review in this case should be abuse of discretion and, unless its response is an unqualified no, identify all documents that support its response, including the relevant

language in those documents and the page numbers of those documents in which the language can be found, Interrog. Nos. 10-11.

The defendant states that it will produce the *curriculum vitae* of the three medical reviewers who reviewed the plaintiff's claims and/or appeals, which it represents will also provide the pertinent information sought by Interrog. No. 3, and argues that the remaining information sought by Interrog. No. 3 – the medical reviewers' addresses and phone numbers – is irrelevant, as there will be no trial in this case.  *See* Opposition at 6, 8.

The defendant objects to RPD Nos. 8 and 9 and Interrog. Nos. 4, 7, 8, and 9 on the bases that (i) the scope of discovery sought is overly broad, (ii) the plaintiff fails to provide any reason, let alone "a very good" one, for the requested discovery, (iii) Susan Rosenfeld, M.D., who performed the final review, certified, *inter alia*, that her compensation from the defendant did not depend on the outcome of the plaintiff's case and at no time constituted more than five percent of her gross income, and (iv) the plaintiff failed to avail herself of the opportunity to request an independent review pursuant to 24-A M.R.S.A. § 4312, which would have mooted any bias concerns.  *See id*. at 3-4.

The defendant represents that the documents sought by way of RPD No. 9 have either been produced in the record or will be produced in the form of the medical reviewers' *curriculum vitae*.  *See id*. at 7.  It objects to Interrog. Nos. 5-6 on the basis that there is no reason the defendant should have to answer these multi-part interrogatories when the requested information appears in the record and in the reviewers' reports.  *See id*. at 8.  Finally, it objects to Interrog. Nos. 10-11 on the basis that there is no reason why it should be obliged to supply information regarding its legal position in the form of sworn answers to interrogatories.  *See id*.

I grant the plaintiff's request to serve RPD No. 7, which requests a copy of the three medical reviewers' *curriculum vitae*, including a list of all publications, with the modification that responsive documents must be produced only to the extent that they are not already of record or have not already been produced to the plaintiff. This is a narrowly targeted request, to which the defendant has offered no specific objection; indeed, it has offered to produce responsive documents voluntarily.

I deny the plaintiff's request to serve RPD No. 8 and Interrog. Nos. 4, 7, 8, and 9, sustaining the defendant's objection that she fails to supply the requisite "very good reason" for that requested discovery. *Grady*, 2009 WL 700875, at *1 (citations and internal quotation marks omitted). She demonstrates, at most, that the defendant has a "structural conflict of interest" in that it both pays and processes claims. However, as noted above, this court has held that such a showing, without more, does not suffice to warrant discovery into potential insurer bias. *See, e.g.*, *Ramsdell,* 2012 WL 1440613, at *5.

Moreover, this court has denied requests by claimants to serve similar discovery, reasoning that it "would not provide information likely to assist with a meaningful review of the record." *Grosso*, 2013 WL 949494, at *2 (denying claimant's request for discovery as to, *inter alia*, amount of compensation paid to physicians by insurer, number of claims insurer referred to physician review company in three-and-a-half years before claimant's claim, number of those claims in which denial or termination of benefits was recommended, and number of those claims that actually resulted in denial or termination of benefits; noting that court was not in position to evaluate merits of multiple years of denied claims); *Fortin v. Hartford Life & Accident Ins. Co.*, No. 1:11-cv-00230-DBH, 2011 U.S. Dist. LEXIS 137118, at *2-*3 (D. Me. Nov. 29, 2011) (same).

I deny the plaintiff's request to serve RPD No. 9. While the defendant represents that the documents sought through that RPD have either been produced in the record or will be produced in the form of the medical reviewers' *curriculum vitae*, *see* Opposition at 7, the RPD itself is overbroad insofar as it requests "[d]ocuments *regarding any practice and/or policy* of [the defendant] and/or the Plan to ensure that the medical professional(s) who conducted a medical review regarding Plaintiff's claims had obtained appropriate training and experience in the field of medicine involved in Plaintiff's claim[,]" RPD No. 9 (emphasis added). The RPD, as worded, potentially implicates a range of communications and agreements between the defendant and/or the Plan and medical reviewers, exceeding the scope of "relevant" documents to which a claimant is entitled pursuant to 29 C.F.R. § 2560.503-1(m)(8). The plaintiff has made no showing justifying this facially overbroad request.

I deny the plaintiff's request to serve Interrog. No. 3, accepting the defendant's representation that its provision of the medical reviewers' *curriculum vitae* will supply pertinent identifying information and sustaining its objection that the plaintiff has shown no need for their addresses or telephone numbers. I deny her request to serve Interrog. Nos. 5 and 6, agreeing with the defendant that she has shown no reason why the defendant should have to answer multi-part interrogatories when the requested information appears in the record and in the reviewers' reports. Finally, I deny her request to serve Interrog. Nos. 10 and 11 on the basis that there is no need to obtain a sworn interrogatory answer regarding the defendant's position on the appropriate standard of review.

### IV. Conclusion

For the foregoing reasons, the Motion is **<u>GRANTED</u>** in part, with modifications, as to the plaintiff's requests to supplement the record and serve discovery, and otherwise **<u>DENIED</u>**. In

accordance with the parties' scheduling order, ECF No. 11, the Clerk's Office is **<u>DIRECTED</u>** to convene a scheduling teleconference to (i) establish deadlines for the completion of permitted discovery and the modification of the administrative record and (ii) establish a timetable for the filing of motions for judgment on the record.

### <u>*NOTICE*</u>

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 6th day of August, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge