## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **ADELE E.,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 2:15-cv-01-DBH** |
| | ) | |
| **ANTHEM BLUE CROSS AND BLUE SHIELD,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON BENEFITS OWED TO THE PLAINTIFF AND INTEREST

On April 28, 2016, I granted the plaintiff Adele E.'s motion for judgment on the administrative record and ordered the parties to submit briefing regarding the calculation of benefits owed to the plaintiff, whether to award prejudgment interest, and, if awarded, the rate to be applied. Both parties have submitted two briefs on these issues. After considering the parties' positions, I conclude that the plaintiff is entitled to judgment in the amount of $188,500.00, with prejudgment interest in the amount of $16,163.54, and postjudgment interest as provided by statute, accruing from the entry of judgment, June 30, 2016. See 28 U.S.C.A. § 1961(a) (2006 & Supp. 2015); Radford Trust v. First Unum Life Ins. Co. of Am., 491 F.3d 21, 24 (1st Cir. 2007).

### A. Calculation of Benefits Owed

The plaintiff paid RainRock for 130 days of residential treatment that, I have concluded, Anthem should have provided. She paid $1,450 per day. As a result, she is entitled to judgment in the amount of $188,500.00. See Pl.'s Resp.

to June 1, 2016 Proc. Order & Attached Exs. (ECF No. 48). Anthem argues that I should calculate benefits using a discounted rate that RainRock provides to Anthem. But RainRock is not a party here, and therefore I have no occasion to determine what the contract between Anthem and RainRock requires; any disagreement regarding an applicable discount is between Anthem and RainRock. The plaintiff is entitled to recover what Anthem's wrongful denial of benefits cost her to continue her medically necessary treatment at RainRock, namely, $188,500.00.

**B. Prejudgment Interest**

"In ERISA cases, the district court has broad discretion both to determine whether to award prejudgment interest and to determine the parameters of such an award." Radford Trust, 491 F.3d at 23-24. "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 195 (1995). Based on Anthem's erroneous denial of benefits owed to the plaintiff, see Decision & Order on Cross-Mots. for J. on the Admin. R. at 18-19 (ECF No. 40), and the plaintiff's significant out-of-pocket expenses for continuing her medically necessary treatment at RainRock, see Pl.'s Resp. to June 1, 2016 Proc. Order at 2, I conclude that prejudgment interest shall be awarded to the plaintiff.

**1. Accrual Date**

The rule in this District is that prejudgment interest accrues from the denial of the plaintiff's administrative appeal. Giroux v. Fortis Benefits Ins. Co., 353 F. Supp. 2d 45, 54 (D. Me. 2005). After two internal appeal levels, Anthem

2

finally upheld the denial of benefits rightfully owed to the plaintiff on November 26, 2013.  See R. at 1025-1027.  Prejudgment interest shall therefore run from November 26, 2013, until the date of entry of judgment in this case, June 30, 2016.  See also Black v. Unum Life Ins. Co. of Am., 324 F. Supp. 2d 206, 219 (D. Me. 2004); Curtin v. Unum Life Ins. Co. of Am., 298 F. Supp. 2d 149, 158-59 (D. Me. 2004).

### 2. *Rate of Prejudgment Interest*

The court "has broad discretion to choose the rate of prejudgment interest." Black, 324 F. Supp. 2d at 219 (citing Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996), abrogated on other grounds by Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242 (2010)).  Following the precedents from this District, see Giroux, 353 F. Supp. 2d at 54; Black, 324 F. Supp. 2d at 219; Curtin, 298 F. Supp. 2d at 159, which have been deemed reasonable by the First Circuit, see Marcial Ucin, S.A. v. SS Galicia, 558 F. Supp. 299, 303 (D. Mass.), aff'd, 723 F.2d 994 (1st Cir. 1983); see also Pimentel v. Jacobsen Fishing Co., Inc., 102 F.3d 638, 640 (1st Cir. 1996); City of Boston v. S.S. Texaco Tex., 773 F.2d 1396, 1401 (1st Cir. 1985), and guided by equitable considerations, I calculate the plaintiff's prejudgment interest award using the relevant federal bank prime loan rates for each day of the period in question.[1]

---

[1] See Board of Governors of the Federal Reserve System, Selected Interest Rates—H.15, *Historical Data*, available at http://www.federalreserve.gov/releases/h15/data.htm (last visited June 30, 2016).  The daily federal bank prime loan rate from November 26, 2013, through December 16, 2015, remained at 3.25%, and therefore the prejudgment interest rate to be applied from the date of accrual, November 26, 2013, through December 16, 2015, is 3.25%.  The daily federal bank prime loan rate from December 17, 2015, through the entry of judgment, June 30, 2016, remained at 3.5%, and therefore the prejudgment interest rate to be applied from December 17, 2015, through June 30, 2016, is 3.5%.

Therefore, the per diem rate of prejudgment interest between November 26, 2013, and December 16, 2015, which is 751 days, is $16.78, and the per diem rate between December 17, 2015, and June 30, 2016, which is 197 days, is $18.08, for a total of $16,163.54 in prejudgment interest.[2]

CONCLUSION

Judgment shall be entered in favor of the plaintiff Adele E. in the amount of One Hundred Eighty-eight Thousand Five Hundred Dollars ($188,500.00), along with prejudgment interest at the federal bank prime loan rate from November 26, 2013, until June 30, 2016, in the amount of Sixteen Thousand One Hundred Sixty-three Dollars and Fifty-four Cents ($16,163.54). Postjudgment interest will be awarded as provided by statute, accruing from the entry of judgment, June 30, 2016.

SO ORDERED.

DATED THIS 30TH DAY OF JUNE, 2016

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] There were a total of 948 days between November 26, 2013, and June 30, 2016, including the end date.  The federal prime interest rate for 751 days was 3.25%, see *supra* note 1, and the federal prime interest rate for 197 days was 3.5%, see id.  The per diem rate of prejudgment interest from November 26, 2013, through December 16, 2015, is $16.78: ($188,500 x 3.25%)/365 = $16.78.  The per diem rate for December 17, 2015, through June 30, 2016, is $18.08: ($188,500 x 3.5%)/365 = $18.08.  Therefore, the net prejudgment interest figure is $16,163.54: ($16.78 x 751) + ($18.08 x 197) = $16,163.54.